IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAROLD L. HUTCHINSON, JR.,

    Plaintiff,

vs.

GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

Case No. C18-0656 RSM

ORDER OF REMAND

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand this case to Snohomish County Superior Court. Dkt. #10. Plaintiff asserts that Defendant's removal was untimely, and seeks an award of fees related to this motion. *Id.* Defendant opposes the motion, arguing that the removal was timely, and that there was a reasonable basis for removal even if it is ultimately remanded. Dkt. #12. For the reasons discussed below, the Court agrees that remand is warranted in this action and GRANTS Plaintiff's motion.

## II. BACKGROUND

This matter involves an insurance coverage dispute. Dkt. #1. Plaintiff initially served a Summons and Complaint, along with discovery requests, on the Washington State Insurance Commissioner on February 28, 2018. Dkt. #11, Ex. 1. The Office of the Insurance Commissioner subsequently forwarded the Summons and Complaint to Defendant, which was received on March 5, 2018. Dkt. #13 at ¶ 3 and Ex. A. thereto.

ORDER - 1

Defendant then attempted to file a Notice of Removal with the Snohomish County Superior Court on or about March 22, 2018. Dkt. #13 at ¶ 4. However, the filing was rejected by the Snohomish County Superior Court on the grounds that the case had not been filed. *Id.* As a result, defense counsel contacted Plaintiff's counsel, asking that he forward the case number once the Complaint was filed. Dkt. #13, Ex. B. Plaintiff's counsel confirmed that he would do so. *Id.*, Ex. C.

On April 30, 2018, Plaintiff filed the Summons and Complaint, along with an Amended Complaint, in the Snohomish County Superior Court. Dkt. #13 at ¶ 8 and Ex. E thereto. Defense counsel received notice of the filing on May 2, 2018. *Id.* at ¶ 9 and Ex. F thereto.

On May 4, 2018, Defendant filed Notices of Removal in both federal and state court. *Id.* at ¶ 10 and Ex. F thereto. The instant motion followed.

### III. DISCUSSION

**A. Legal Standard**

When a case is filed in state court, removal is proper if the Complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). It is presumed, however, "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original). This Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court.

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Id.* at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). However, this Court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n.6 (9th Cir. 2001).

**B. Time for Removal**

In the instant matter, Plaintiff concedes that diversity jurisdiction would lie in this Court, but argues that Defendant's removal was untimely. Dkt. #10 at 2-3. Under 28 USC § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based, . . .". Plaintiff asserts that because the Notice of Removal was filed more than 30 days after he served his Summons and Complaint on the Washington Insurance Commissioner, this matter must be remanded to state court. Dkt. #10.

Defendant, relying on Washington Rule of Civil Procedure 3(a), argues that the initial service is void because Plaintiff did not file his action within 14 days of Defendant's demand that he file the Summons and Complaint in the Superior Court. *See* CR 3(a) ("Upon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void."). As a result, Defendant asserts that the service date of the Amended Complaint controls, which was April 30, 2018, and therefore it timely filed Notices of Removal within 30 days of that date. Dkt. #12. The Court disagrees with Defendant.

ORDER - 3

First, the Court agrees with Plaintiff that Defendant did not make a written demand to file as required by the Washington State Civil Rules. *See* Dkt. #14 at 1-3. As proof of its demand, Defendant attaches an email to Plaintiff's counsel dated March 23, 2018. Dkt. #13, Ex. B. That entirety of that email states:

> Gary,
>
> Per our conversation, our office represents Garrison Property and Casualty Insurance Company in the *Hutchinson* matter. My contact information is located below in the signature block. Moving forward, if you could also include Robert McLay and Joshua Kastan on any other correspondence (cc-ed here), I would greatly appreciate it.
>
> It is my understanding that this Complaint has not yet been filed, but that your office intends to do so. If you could forward us the case number as soon as the Complaint is filed, we will proceed with filing our responsive pleading.
>
> If you have any other questions, please feel free to let us know.

*Id.* Nothing in that email indicates a demand that the Summons and Complaint be filed or that the filing fee be paid. It does not reference the relevant Civil Rule. At most, the email requests that the case number be forwarded as soon as the case is filed. Further, one week later, defense counsel followed up regarding discovery. Dkt. #13, Ex. D. He again noted his understanding that the Complaint had not yet been filed. *Id.* Nothing in that email contained a demand to file. Instead, defense counsel simply stated that his client would not respond to discovery until 30 days after the Complaint was filed. *Id.* Therefore, Civil Rule 3(a) was never triggered.

Likewise, the Court agrees with Plaintiff that Defendant did not serve a demand as required by the Washington State Civil Rules. As Plaintiff notes, absent an agreement to allow service via email between the parties, email is insufficient to accomplish service. Indeed, Washington Civil Rule 5(b)(1) provides:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service directly upon the party is ordered by the court. Service upon

ORDER - 4

> the attorney or upon a party shall be made by delivering a copy to the party or the party's attorney or by mailing it to the party's or the attorney's at his last known address or, if no address is known, filing with the clerk of the court an affidavit of attempt to serve. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the party's or the attorney's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

CR 5(b)(1). Defendant's email was not served in accordance with this Rule. Therefore, CR 3(a) was never triggered.

For these reasons, the Court finds the date of service that triggered the time for removal was February 28, 2018 – the date Plaintiff served a Summons and Complaint on the Washington State Insurance Commissioner. Defendant did not remove the matter until May 4, 2018, which was 65 days after service on Defendant. *See* Dkt. #1. Therefore, the removal was untimely and this matter must be remanded to the Superior Court.

**C. Request for Attorney Fees and Costs**

Plaintiff has requested his attorney's fees in connection with his motion to remand. Dkt. #10 at 3-4. In an Order remanding a case, this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547, 555 (2005). In exercising its discretion to award fees under section 1447(c), this Court must consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *See id.*

ORDER - 5

In view of the considerations highlighted in *Martin*, the Court finds an award of costs against Defendant for Plaintiff's expenses in remanding this action to be a necessary or just result under section 1447(c). Defendant cannot genuinely believe that its attorney's informal email to Plaintiff's counsel, confirming that the Complaint had not been filed and requesting that the case number be forwarded when it was filed, constituted a demand under Civil Rule 3(a). Nor can it genuinely believe that the "demand" was properly served. Moreover, none of defense counsel's email correspondence indicated an intent to remove. Instead, defense counsel stated it would file its "responsive pleading" and "respond to the discovery that was attached to the Complaint" after the Complaint was filed. Dkt. #13, Exs. B and D. Thus, the Court finds no objectively reasonable basis for seeking removal. Accordingly, Defendant shall pay to Plaintiff the costs associated with remanding the case back to state court.

## IV. CONCLUSION

Having reviewed Plaintiff's motion, Defendant's opposition thereto, the Reply in support thereof, along with the Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Remand (Dkt. #10) is GRANTED and this case is remanded to Snohomish County Superior Court.

2. Plaintiff's request for costs is GRANTED. No later than fourteen (14) days from the date of this Order, Plaintiff shall file a supplemental motion for fees and costs in this Court, appending the evidence necessary to support its request. Plaintiff shall note the motion for two Fridays after the date it is filed. Defendant shall respond no later than the Monday prior to the noting date, and shall limit its

response only to the issue of the reasonableness of the fees and costs sought by Plaintiff. No Reply brief shall be filed

3. This matter is now CLOSED.

DATED this 14th of June 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 7