UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAROLD L. HUTCHINSON, Jr.,

    Plaintiff,

    v.

GARRISON PROPERTY AND
CASUALTY INSURANCE CO.,

    Defendant.

Case No. C18-0656RSM

ORDER GRANTING IN PART
PLAINTIFF'S SUPPLEMENTAL
MOTION FOR FEES AND COSTS

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Supplemental Motion for Fees and Costs. Dkt. #16. This Court previously granted Plaintiff's request for the reasonable fees and costs he incurred to bring a motion for remand. Dkt. #15. The Court directed Plaintiff to file a supplemental motion setting forth the fees and costs requested, along with the proper support for those fees and costs. *Id.* Plaintiff now seeks $6,450.00 in attorneys' fees, and no costs. Defendant has filed an opposition to Plaintiff's supplemental motion, asserting that the request is unreasonable, unjust, and unsubstantiated. Dkt. #18. Defendant requests that Plaintiff's attorneys' fees be reduced to $2,165.00. For the reasons discussed below, the Court agrees with Defendant that Plaintiff's request is unreasonable, and now GRANTS IN PART Plaintiff's motion as further discussed below.

///

///

ORDER
PAGE - 1

## II. DISCUSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

The Court first examines the hourly rate for time billed by his counsel requested by Plaintiff. Plaintiff seeks a billing rate of $450 per hour for the work performed by attorney Gary N. Gosanko, $375 per hour for the work performed by attorney Nicholas J. Lepore, and $150 per hour for the work performed by paralegal Joanna Jackowich. Dkt. #17 at ¶ ¶ 3, 5 and 10. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting . . . the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942,

945-46 (9th Cir. 2007) (citing *Hensley,* 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Plaintiff has not presented adequate evidence supporting the reasonableness of the rates requested in this market. *See* Dkt. #17. Indeed, Plaintiff's counsel merely states in conclusory fashion the he "believes" the rates requested are reasonable. Further, the Court observes that at the time Plaintiff filed his original request for fees (in his motion to remand), just one month prior to filing the instant motion, Attorney Gosanko asserted to the Court that his hourly rate is $400 per hour. Dkt. #11 at ¶ 9. Defendant does not address the reasonableness of the rates in this market, but does ask the Court to apply the billing rate of $400 per hour, rather than $450 per hour, for the time spent by Attorney Gosanko related to the motion for remand.

ORDER
PAGE - 3

Given the Court's familiarity with the Seattle-area/Western District of Washington market and the rates typically charged by experienced attorneys in these types of cases, the Court finds that a rate of $400 for Attorney Gosanko is reasonable. The Court further finds that the rates requested for Attorney Lepore ($375/hr) and Paralegal Jackowich ($150/hr) are reasonable.

### C. Reasonableness of Hours

The Court now turns to the reasonableness of the hours requested. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Plaintiff has presented a summary description of the time his counsel spent related to the motion for remand. Dkt. #17. Defendant has objected to the number of hours requested as unreasonable, unjust and unsubstantiated, and the Court has independently reviewed Plaintiff's attorneys' billing summary. Dkt. #17. The Court agrees that the time requested for work on the motion to remand and reply in support of that motion, which together totaled nine substantive pages, is unreasonable, as it appears to be redundant and/or excessive. Plaintiff requests 7.2 hours by Attorney Gosanko for his work on the motion to remand. Attorney Gosanko previously

ORDER
PAGE - 4

represented to the Court that he worked "over 2.5 hours" to prepare the motion. Dkt. #11 at ¶ 9. Given that representation, the short length of the motion, and the simplicity of the legal issue and analysis, the Court finds a reasonable amount of time to award for the preparation of the motion to be 3.0 hours of time.

Plaintiff also requests 2.1 hours by Attorney Gosanko for his work on the Reply in support of the motion to remand, and 4 hours by Attorney Lepore for his work on the same, for a total of 6.1 hours. Dkt. #17 at ¶¶ 6 and 10. Given the short length of the reply, and the simplicity of the legal issue and analysis, the Court finds a reasonable amount of time to award for the preparation of the reply brief to be 2.5 hours of time for Attorney Lepore's work in drafting the reply, and 0.5 hours of time for Attorney Gosanko's review of the reply.

Finally, the Court has examined the time requested by Paralegal Jackowich. Plaintiff seeks 1.1 hours of Ms. Jackowich's time for "review, file, and distribute Motion," which are job functions primarily administrative in nature. As discussed above, the Court does not typically award fees for such work. Thus, the Court will award fees for 0.7 hours of Ms. Jackowich's time. Dkt. #17 at ¶ 8.

As a result, the Court will award attorney's fees for the work performed pertaining to the motion to remand, as follows:

    Gosanko    3.5 hrs x $400/hr = $1,400.00

    Lepore    2.5 hrs x $375/hr = $937.50

    Jackowich    0.7 hrs x $150/hr = $105.00

    **TOTAL = $2,442.50.**

///

///

ORDER
PAGE - 5

D.  **Lodestar Adjustment**

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent working on the motion to remand and does not find it necessary to make any other lodestar adjustments.

E.  **Costs**

Plaintiff does not seek an award of costs on this motion. Dkt. #16 at 2.

### III.  CONCLUSION

Having considered Plaintiff's Supplemental Motion for Fees and Costs, the Declaration in support thereof, the Opposition thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's motion (Dkt. #16) is GRANTED IN PART AND DENIED IN PART for the reasons discussed above. Plaintiff is awarded **attorneys' fees in the amount of $2,442.50.**

DATED this 29 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE